NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHEN WORTMAN, : | |
| : | Hon. Stanley R. Chesler |
| Plaintiff, : | Civ. A. No. 05-1411 (SRC) |
| : | |
| v. : | **OPINION AND ORDER** |
| : | |
| DEVON BROWN, et al., : | |
| : | |
| Defendants. : | |

**CHESLER**, District Judge

Presently before the Court is the request by State Defendants Roy L. Hendricks, Michelle Ricci, Richard Runcie, Donald Bleinstein, Bruce Van Mortor, Brenda Snead, George Parham, John Smallwood, Bruce Hamm and Nadaniel Eaddy [hereinafter "State Defendants"] for the dismissal of this federal action for failure of Stephen Wortman, Plaintiff *pro se* [hereinafter "Plaintiff"] to comply with discovery pursuant to FED.R.CIV.P. 37(b)(2)(C). For the foregoing reasons, this Court will **GRANT** State Defendants' Motion.

**Background**

Plaintiff filed a Civil Complaint with an application to proceed *in forma pauperis* on March 7, 2005. (*See* Civil Docket, Docket Entry #1). On March 22, 2005, this Court granted Plaintiff's *in forma pauperis* application, but dismissed without prejudice all claims regarding Defendants Devon Brown, Donald Mee, Dr. Drinker and Correctional Officer McCormack based upon a finding that no factual allegations had been made against the aforementioned Defendants. (*Id*.at #2). This Court also granted Plaintiff numerous extensions with which to file the Amended Complaint. (*Id*.). To date, Plaintiff has not filed

an Amended Complaint. (*Id.*).

On January 23, 2006, the Honorable Tonianne J. Bongiovanni, United States Magistrate Judge, held a telephone conference on the record with all parties to address a Motion to Dismiss for failure to provide Discovery or Compel Discovery by Defendants Malaka Umrani, R.N., George Achebe, M.D., and Mary Amato, R.N. Motion. (*Id.* at #33). At that time, the aforementioned Defendants alleged that they had served Plaintiff with interrogatories and requests for admissions on July 18, 2005, with a subsequent correspondence to request compliance on September 24, 2005 and had not received a response to either communication. (*Id.*). Plaintiff responded to Defendants' allegations by asserting that he had prepared the discovery material on two separate occasions, but that the documents were ruined when correctional personnel spilled milk and/or water on the materials. (*Id.*). Plaintiff further informed Judge Bongiovanni that he was in the process of preparing responses to Defendants' discovery requests for a third time and was anticipating compliance with little further delay. (*Id.*). Judge Bongiovanni then warned Plaintiff that failure to comply with discovery requests could result in the imposition of sanctions, including possible dismissal of his case. (*Id.*). On January 25, 2006, Judge Bongiovanni issued an Order memorializing the telephone conference of January 23, 2006, granting Defendants' Motion to Compel Discovery and denying without prejudice Defendants' Motion to Dismiss. (*Id.* at #34). The January 25, 2006 Order also set discovery deadlines, namely that document discovery was to be completed by March 10, 2006, and that Defendants could refile their Motion to Dismiss if Plaintiff failed to adequately comply with discovery. (*Id.*).

On January 26, 2006, State Defendants served Plaintiff with interrogatories and document requests. (*See* State Defendants' Affidavit, Motion to Dismiss). After failing to respond to State Defendants' discovery requests, Judge Bongiovanni issued an Order requiring Plaintiff to respond to the interrogatories and document requests propounded by State Defendants no later than March 29, 2006. (Civil Docket, Docket Entry # 40). On March 23, 2006, State Defendants served a copy of Judge Bongiovanni's Order to Plaintiff via mail. (State Defendants' Affidavit, Motion to Dismiss). To date, State Plaintiffs have not received any response regarding their requests for discovery. (*Id*.).

On April 7, 2006, Defendants Malaka Umrani, R.N., George Achebe, M.D., and Mary Amato, R.N. filed a Motion to Dismiss for failure by Plaintiff to comply with Discovery. That motion was terminated by the Clerk of the Court on April 10, 2006 due to technical issues regarding the form of filing. (Civil Docket, Docket Entry #42).

**Discussion**

    **A. Legal Standard**

Dismissal of an action pursuant to FED.R.CIV.P. 37 is a matter entrusted to the discretion of the trial court. *Curtis T. Bedwell and Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 691 (3rd Cir. 1988). Although a "Rule 37(b)(2)(C) dismissal is a serious sanction, [i]n certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." *Hicks v. Feeney*, 850 F.2d 152, 156 (3rd Cir. 1988). In determining whether dismissal is an appropriate sanction, the Court applies the *Poulis* balancing test. *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3rd Cir. 1984); *see Hicks*, 843 F.2d at 691 (applying *Poulis* factors to determine whether

dismissal was warranted); *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, (3rd Cir. 1990) (finding that consideration of *Poulis* factors may be required when party moves for dismissal of opponent's claim pursuant to FED.R.CIV.P. 37(b)(2) for failure to respond to discovery). Under *Poulis*, the Court must weigh: (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Id.*; *Hicks*, 850 F.2d at 156. While all factors must be considered, not all "need be met for a district court to find dismissal is warranted." *Hicks* 850 F.2d at 156. The decision to dismiss an action is made in the context of the Court's ongoing contact with the litigant. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3rd Cir. 1992).

### B. Application of the Poulis Factors

The Court is persuaded that upon consideration of the *Poulis* factors dismissal of the State Defendants is warranted. The Court finds that Plaintiff is personally responsible for failing to respond to State Defendants' discovery requests and for failing to comply with Judge Bongiovanni's Orders. Personal responsibility refers to whether the misconduct that occurred is attributable to the party or to the party's attorney. *See Hicks*, 805 F.2d at 156. Here, Plaintiff is *pro se* and his choices alone are responsible for State Defendants inability to obtain discovery.

The Court also finds that Defendants have been prejudiced by Plaintiff's failure to provide discovery. A showing of irremediable harm is not necessary in order to demonstrate prejudice. *Curtis T. Bedwell and Sons, Inc.*, 843 F.2d at 693. Because of the Plaintiff's

inaction, State Defendants have had to seek judicial intervention several times, as well as take additional steps by attempting to communicate with Plaintiff beyond what would normally be required in an attempt to obtain discovery necessary to mount an adequate defense to Plaintiff's allegations. Further, all Defendants in their efforts to proceed with discovery, have been forced to seek this Court's intervention multiple times. *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3rd Cir. 1994) (finding that prejudice results from deprivation of information through non-cooperation with discovery and costs associated with court orders to obtain a party's compliance). Plaintiff's inaction amounts to a prejudicial effect for all Defendants.

*Poulis* also requires the Court to assess whether there was a history of dilatoriness and whether Plaintiff's conduct was willful or in bad faith. The Court considers a party's conduct over the course of the entire case in assessing dilatoriness. *Id.*, at 875. Plaintiff's failure to respond to Defendants' interrogatories, failure to comply with this Court's and Judge Bongiovanni's Orders demonstrates a pattern of dilatory conduct. *Id.* at 874; *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 921 (3rd Cir. 1992). It also demonstrates that Plaintiff's conduct was and is willful. *See Hicks* 850 F.2d 156 (finding Plaintiff's decision to not appear at further depositions because Plaintiff valued privacy more than any damages a court might award to be willful). Plaintiff's decisions cannot be said to have resulted from simple neglect, negligence or inadvertence. Instead, it is evident that they were willful and made in bad faith.

The Court similarly finds that no alternate sanctions would be adequate in this case. The Court notes that in assessing the possibility of alternative sanctions under *Poulis* that it

5

gave Plaintiff every opportunity to respond to the outstanding discovery requests. The Court concludes that lesser measures would be ineffective given Plaintiff's blatant failure to comply with any of the Orders issued by this Court or by Judge Bongiovanni. *See Hicks*, 850 F.2d at 156; *Curtis T. Bedwell and Sons, Inc.*, 843 F.2d at 695 (indicating that dismissal was appropriate sanction in case where lesser penalties did not deter future abuses).

The Court assumes in evaluating the last *Poulis* factor that Plaintiff's claims have merit as It is in possession of no evidence to the contrary. The standard for assessment of meritoriousness under *Poulis* is less stringent than that of summary judgment. *Poulis*, 747 F.2d at 896-70. Nonetheless, the inclusion of this factor is largely neutral and does not change the Court's conclusion that the balance of the *Poulis* factors supports dismissal of this action. *See Hicks*, 850 F.2d at 156 (finding that not all factors need be met for dismissal to be warranted); *Curtis T. Bedwell and Sons, Inc.*, 843 F.2d at 696 (holding that one factor is not controlling in *Poulis* analysis).

**Conclusion and Order**

For the reasons set forth above;

IT IS on this 18th day of April, 2006,

**ORDERED** that State Defendants Roy L. Hendricks, Michelle Ricci, Richard Runcie, Donald Bleinstein, Bruce Van Mortor, Brenda Snead, George Parham, John Smallwood, Bruce Hamm and Nadaniel Eaddy Motion to Dismiss pursuant to FED.R.CIV.P. 37(b)(2)(C) (docket item # 41) is **GRANTED**; and it is further

**ORDERED** that all claims against State Defendants Roy L. Hendricks, Michelle

Ricci, Richard Runcie, Donald Bleinstein, Bruce Van Mortor, Brenda Snead, George Parham, John Smallwood, Bruce Hamm and Nadaniel Eaddy shall be DISMISSED WITH PREJUDICE and WITHOUT COSTS.

                                          s/ Stanley R. Chesler
                                          Stanley R. Chesler, U.S.D.J.