NOT FOR PUBLICATION  [44]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
STEPHEN WORTMAN                 :   Civil Action No. 05-1411 (FLW)
                                :
        Plaintiff, pro se,      :
                                :       **OPINION**
        v.                      :
                                :
MALAKA UMRANI, R.N., GEORGE     :
ACHEBE, M.D., and MARY AMATO, R.N., :
                                :
        Defendants.             :
_____:

APPEARANCES:

For Plaintiff:
STEPHEN WORTMAN, PRO SE
PRISON #480784
SBI #879168
NEW JERSEY STATE PRISON
PO BOX 861
TRENTON, NJ 08625-0861

For Defendants Malaka Umrani, George Achebe, and Mary Amato:
DAVID J. BISHOP
CRAMMER & BISHOP, PC
508 NEW JERSEY AVENUE
SUITE B3
ABSECON, NJ 08201

**WOLFSON, United States District Judge:**

    Plaintiff Stephen Wortman ("Plaintiff" or "Mr. Wortman") is currently incarcerated in

New Jersey State Prison in Trenton, New Jersey. He has sued Defendants Malaka Umrani, R.N.,

George Achebe, M.D., and Mary Amato, R.N., alleging, inter alia, that Defendants violated his

constitutional rights by providing him with inadequate medical treatment and that they committed medical malpractice. Defendants Umrani, Achebe and Amato have filed a motion to dismiss Plaintiff's claims against them as a result of his failure provide them with any discovery. Additionally, Defendants Fox and Moor remain unserved, even though Plaintiff's complaint was filed in March 2005. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. For the reasons stated below, the motion to dismiss filed by Defendants Umrani, Achebe and Amato is granted and the claims against Defendants Fox and Moor are dismissed without prejudice.

**I. BACKGROUND**

Plaintiff filed a Civil Complaint with an application to proceed *in forma pauperis* on March 7, 2005. See Civil Docket, Docket Entry #1. On March 22, 2005, the Honorable Stanley R. Chesler, U.S.D.J. granted Plaintiff's *in forma pauperis* application, but dismissed without prejudice all claims regarding Defendants Devon Brown, Donald Mee, Dr. Drinker and Correctional Officer McCormack based upon a finding that no factual allegations had been made against the aforementioned Defendants. Id. at #2. Judge Chesler also granted Plaintiff numerous extensions with which to file the Amended Complaint. Id. To date, Plaintiff has not filed an Amended Complaint. See Civil Docket.

On July 18, 2005, Defendants Malaka Umrani, R.N., George Achebe, M.D., and Mary Amato, R.N., through their attorney, David J. Bishop ("Mr. Bishop"), served interrogatories and a request for production of documents on Wortman. Defs.' Ex. A. On September 24, 2005, Defendants Umrani, Achebe and Amato, through Mr. Bishop, wrote another letter to Plaintiff requesting answers to the interrogatories and responses to the request for production. Defs.' Ex.

B. Not having received the discovery, Defendants Umrani, Achebe and Amato filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 37.

On January 23, 2006, the Honorable Tonianne J. Bongiovanni, U.S.M.J., held a telephone conference on the record with all parties to address the motion. At that time, Defendants Umrani, Achebe and Amato alleged that they had served Plaintiff with interrogatories and requests for admissions on July 18, 2005, with a subsequent correspondence to request compliance on September 24, 2005 and had not received a response to either communication. Id. Plaintiff responded to Defendants' allegations by asserting that he had prepared the discovery material on two separate occasions, but that the documents were ruined when correctional personnel spilled milk and/or water on the materials. Id.  Plaintiff further informed Judge Bongiovanni that he was in the process of preparing responses to Defendants' discovery requests for a third time and was anticipating compliance with little further delay. Id.  Judge Bongiovanni then warned Plaintiff that failure to comply with discovery requests could result in the imposition of sanctions, including possible dismissal of his case. Id.  On January 25, 2006, Judge Bongiovanni

issued an Order memorializing the telephone conference of January 23, 2006, denying without prejudice Defendants' Motion to Dismiss. Id. at #34. The January 25, 2006 Order also set discovery deadlines, namely that document discovery was to be completed by March 10, 2006, and that Defendants could refile their Motion to Dismiss if Plaintiff failed to adequately comply with discovery. Id.

On January 26, 2006, State Defendants served Plaintiff with interrogatories and

3

document requests. After failing to respond to State Defendants' discovery requests, Judge Bongiovanni issued an Order requiring Plaintiff to respond to the interrogatories and document requests propounded by State Defendants no later than March 29, 2006. Id. # 40. On March 23, 2006, State Defendants served a copy of Judge Bongiovanni's Order to Plaintiff via mail. State Plaintiffs never received any response regarding their requests for discovery.

On March 31, 2006, State Defendants moved for the dismissal of Plaintiff's claims against them as a result of his failure to comply with discovery pursuant to Fed. R. Civ. P. 37(b)(2)(c). In determining whether dismissal was an appropriate sanction in an Opinion dated April 7, 2006, Judge Chesler applied the balancing test set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d. Cir. 1984). In light of Plaintiff's pattern of dilatory conduct, which included his failure to respond to Defendants' interrogatories, failure to comply with the Court's and Judge Bongiovanni's Orders, the Court found that dismissal was warranted. Therefore, the Court granted State Defendants' motion and dismissed all of Plaintiff's claims against them.

On April 7, 2006, Defendants Malaka Umrani, R.N., George Achebe, M.D., and Mary Amato, R.N. filed a Motion to Dismiss for failure by Plaintiff to comply with Discovery. That motion was terminated by the Clerk of the Court on April 10, 2006 due to technical issues regarding the form of filing. Civil Docket, Docket Entry #42. Defendants Umrani, Achebe and Amato refiled their motion on April 24, 2006. Id. #44. Their attorney, Mr. Bishop, certified that Defendants Umrani, Achebe and Amato had not received any disovery from Plaintiff as of April 24, 2006. Bishop Cert. ¶ 9.

4

Plaintiff's opposition to the motion to dismiss was due by May 8, 2006. By way of a letter dated June 16, 2006, Judge Chesler granted Mr. Wortman an extension to submit Opposition to Defendants' motion to dismiss by July 3, 2006. Civil Docket, Entry # 51. Judge Chesler made clear in the June 16, 2006 letter that if Mr. Wortman did not to submit Opposition, the Motion would be deemed unopposed and would be disposed of accordingly. Id. Instead of filing Opposition, Plaintiff sent a letter to the Court requesting additional time to oppose the motion, citing medical reasons and a prison lock-down. Letter from Stephen Wortman to Judges Chesler and Bongiovanni (June 27, 2006). On July 6, 2006, this case was reassigned from Judge Chesler to this Court. Civil Docket, Entry # 54. In light of the reasons set forth in Plaintiff's letter and his pro se status, I granted him one final extension and allowed him to oppose the motion to dismiss by August 4, 2006. Id. #55. I also explained to Plaintiff: "No further adjournments or extensions [would] be granted. If you have not filed Opposition by August 4, 2006, I will consider the motion to dismiss unopposed." Id. As of this date, Plaintiff has yet to file opposition.

Furthermore, on January 31, 2006, Defendants Malaka Umrani, R.N., George Achebe, M.D., and Mary Amato, R.N. filed a motion for summary judgment as to the state law claims against them. Id. # 35. Additionally, on April 28, 2006, Defendants Umrani, Achebe, and Amato filed a motion for summary judgment. Id. # 47. These motions also remain unopposed, even though Plaintiff's opposition papers were due on February 21, 2006 and May 15, 2006, respectively.

**II. DISCUSSION**

Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the Court to dismiss an action as a result of a party's failure to obey an order to provide or permit discovery and/or failure to serve answers to interrogatories. Fed. R. Civ. P. 37(b)(2)(C). Dismissal of an action pursuant to Fed. R. Civ. P. 37 is a matter entrusted to the discretion of the trial court. Curtis T. Bedwell and Sons, Inc. v. International Fidelity Ins.Co., 843 F.2d 683, 691 (3d Cir. 1988). Although a "Rule 37(b)(2)(C) dismissal is a serious sanction, [i]n certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

Rule 41(b) of the Federal Rules of Civil Procedure which addresses the involuntary dismissal of an action and claim provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules of any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rules, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
> Fed. R. Civ. P. 41(b).

A Court may also raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers. See Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (holding "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); see also In re Bluestein & Co., 68 F.3d 1022, 1025 (7th

Cir.1995); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir.1982). Although dismissal is an extreme sanction to be used in limited circumstances, United States of America v. $8,221,877.16 in United States Currency, 330 F.3d 141, 161 (3d. Cir.2003), dismissal is appropriate if a party fails to prosecute the action. Fed. R. Civ. P. 41(b); Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d. Cir.1995). Failure to prosecute does not require that the party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution. Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d. Cir.1994); National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 640-641 (1976).

In determining whether dismissal is appropriate under Rules 37(b)(2)(c) and 41(b), the Court applies the Poulis test. Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984); see Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (applying Poulis factors to determine whether dismissal was warranted under Rule 41(b));  Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168, (3d Cir. 1990) (finding that consideration of Poulis factors may be required when party moves for dismissal of opponent's claim pursuant to Fed. R. Civ. P.  37(b)(2) for failure to respond to discovery). Under Poulis, the Court must weigh: (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Id.; Hicks, 850 F.2d at 156. While all factors must be considered, not all "need be met for a district court to find dismissal is warranted." Hicks, 850 F.2d at 156. The decision to dismiss an action is made in the context of the Court's

ongoing contact with the litigant. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992). While keeping in mind the care with which courts must treat <u>pro se</u> litigants, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), and that time restraints for prisoner filings are subject to equitable considerations relating to prisoners' "unique circumstances," <u>Grandison v. Moore</u>, 786 F.2d 146, 149 (3d Cir.1986), the Court is not required to exercise unlimited patience toward prisoners who file <u>pro se</u> civil rights complaints, <u>Padro v. Heffelfinger</u>, 110 F.R.D. 333, 335 (E.D. Pa.1986). Such plaintiffs must still respond to notices from the Court and to defendants' discovery requests and motions, <u>id.</u>, especially where, as is the case here, the <u>pro se</u> plaintiff has been provided with ample opportunity and information to do so.

  The Court is persuaded that upon consideration of the <u>Poulis</u> factors, dismissal of the Defendants Umrani, Achebe and Amato is warranted. The Court finds that Plaintiff is personally responsible for failing to respond to Defendants' discovery requests, failing to comply with Judge Bongiovanni's Orders, and failing file opposition papers. "Personal responsibility" refers to whether the misconduct that occurred is the fault of the party or the party's attorney. <u>See</u> <u>Hicks</u>, 805 F.2d at 156. Here, Plaintiff is <u>pro se</u> and his choices alone are responsible for Defendants' inability to obtain discovery and his own failure to oppose Defendants' motion.

  The Court also finds that Defendants have been prejudiced by Plaintiff's failure to provide discovery and oppose their motions. A showing of irremediable harm is not necessary in order to demonstrate prejudice. <u>Curtis T. Bedwell and Sons, Inc.</u>, 843 F.2d at 693. Because of the Plaintiff's inaction, Defendants Umrani, Achebe and Amato have had to seek judicial intervention several times, and take additional steps by attempting to communicate with Plaintiff

beyond what would usually be required in an attempt to obtain discovery necessary to mount an adequate defense to Plaintiff's allegations. Further, all Defendants in their efforts to proceed with discovery, have been forced to seek this Court's intervention multiple times. Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d. Cir. 1994) (finding that prejudice results from deprivation of information through non-cooperation with discovery and costs associated with court orders to obtain a party's compliance). In addition, continuing to adjourn this action would subject Defendants to the prejudice of delay and the inability to have the merits of their motion heard due solely to the plaintiff's failure to respond.

Poulis also requires the Court to assess whether there was a history of dilatoriness and whether Plaintiff's conduct was willful or in bad faith. In assessing dilatoriness, the Court considers a party's conduct over the course of the entire case. Id. at 875. Plaintiff's failure to file opposition papers, respond to Defendants' interrogatories, failure to comply with this Court's and Judge Bongiovanni's Orders demonstrates a pattern of dilatory conduct. Id. at 874; Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 921 (3d. Cir. 1992). It also demonstrates that Plaintiff's conduct was and is willful. See Hicks, 850 F.2d 156. Plaintiff's decisions cannot be said to have resulted from simple neglect, negligence or inadvertence. Instead, it is evident that they were willful and made in bad faith.

The Court similarly finds that no alternate sanctions would be adequate in this case. The Court notes that in assessing the possibility of alternative sanctions under Poulis that it

gave Plaintiff every opportunity to oppose the motion and respond to the outstanding discovery requests. The Court concludes that lesser measures would be ineffective given Plaintiff's blatant failure to comply with any of the Orders issued by this Court or by Judge Bongiovanni. See Hicks, 850 F.2d at 156; Curtis T. Bedwell and Sons, Inc., 843 F.2d at 695 (indicating that dismissal was appropriate sanction in case where lesser penalties did not deter future abuses). With regard to the meritoriousness of Plaintiff's claims, final Poulis factor, by failing to oppose the instant motion or the motions for summary judgment, Plaintiff has seriously undermined the meritoriousness of his own claims. However, the Court need not even consider this factor since the balance of the Poulis factors supports dismissal of this action. See Hicks, 850 F.2d at 156 (finding that not all factors need be met for dismissal to be warranted); Curtis T. Bedwell and Sons, Inc., 843 F.2d at 696 (holding that one factor is not controlling in Poulis analysis). Therefore, pursuant to Rules 37(b)(2)(C) and 41(b), Plaintiff's claims against Defendants Umrani, Achebe and Amato are dismissed.

### III. Defendants Fox and Moor

> Fed. R. Civ. P. 4(m) provides:
>
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

It is well settled that district courts have discretion to dismiss a complaint where a plaintiff has failed to properly effect service of on a defendant. Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir.1992). Here, the docket reflects that Plaintiff never served a summons and

complaint on Defendant Nurse Fox and on Defendant Nurse Moor.  In fact, a United States Marshal who attempted to serve these two nurses indicated in the process forms that he was unable to locate them because the facility supervisor did not know who they were.  See Civil Docket, Entry # 7.  The Marshal's process forms were docketed on May 2, 2005.  Id.  Since Plaintiff's complaint was filed on March 22, 2005, when his IFP application was granted, the 120 day service period expired on July 20, 2005, which is more than one year ago.  Yet, these Defendants still remain unserved.  Therefore, pursuant to Rule 4(m), this Court will dismiss the claims against them sua sponte, see Mettle v. First Union Nat. Bank, 279 F.Supp.2d 598, 604 (D.N.J. 2003) (citing Fed. R. Civ. P. 4(m)), and without prejudice.

**IV.  CONCLUSION**

For the reasons stated above, the motion to dismiss filed by Defendants Umrani, Achebe and Amato is granted and Plaintiff's claims against Defendants Fox and Moor are dismissed without prejudice.  An appropriate Order follows.  Plaintiff's case is now closed.

                                        S/ Freda L. Wolfson
                                        Honorable Freda L. Wolfson
                                        United States District Judge

Date: August 11 , 2006